UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMONE JOHNSON,                    :
                                    : NO. 1:06-CV-00446
            Petitioner,             :      1:04-CV-00060
                                    :
                                    :
      v.                            : **OPINION AND ORDER**
                                    :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
                                    :


        This matter is before the Court on Petitioner's Motion to
Vacate under 28 U.S.C. § 2255 (doc. 366), the United States'
Response (doc. 377), The United States' Notice of Filing
Unpublished Opinions (doc. 378), and Petitioner's Reply (doc. 379).
Also pending before the Court are Petitioner's Request under 28
U.S.C. § 2250 for Documents and Request for Discovery (doc. 380),
the United States' Response (doc. 382), and Defendant's Reply (doc.
383).

        For the reasons indicated herein, the Court HOLDS IN
ABEYANCE Petitioner's Motion to Vacate, pending an evidentiary
hearing at which both Petitioner, and his Counsel Cornelius Carl
Lewis, may testify concerning Petitioner's claim of ineffective
assistance of counsel. The Court further GRANTS Petitioner's
Motion for Discovery (doc. 380), and ORDERS Counsel to provide
Petitioner with the requested billing and phone records. Finally,
the Court UNSEALS the docket in this case, for the narrow purpose

of providing the requested documents to Petitioner, and DIRECTS the Clerk to mail Petitioner copies of transcripts of both Petitioner's June 17, 2004 Change of Plea, and Petitioner's September 30, 2004 sentencing. The Court further SETS this matter for an evidentiary hearing at 2:00 P.M. on June 27, 2007.

## I. Background and Pending Motions

On June 17, 2004, Petitioner pled guilty to Count 1 in the Indictment, which charged him with conspiring to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). At his sentencing, on September 15, 2004, the Defendant admitted the Statement of Facts as read in Court at the time of his guilty plea was true and accurate. According to the Plea Agreement and the Statement of Facts, Defendant conspired with Antwynn Beavers to distribute 2,307 grams of cocaine. The Court reviewed the report of the probation department, along with Petitioner's criminal history, and determined that with a criminal history category of VI, Petitioner's acceptance of responsibility, and a total offense level of 22, Petitioner's sentencing range was 84 to 105 months. The Court sentenced Petitioner to 84 months.

The Court advised Petitioner at his sentencing that he had to file his notice of appeal within ten days of judgment, that is, on or before Tuesday, October 12, 2004. Petitioner indicates he understood this necessity (doc. 366). Petitioner contends he

-2-

explicitly asked his attorney, Cornelius C. Lewis, to file a notice of appeal and to appeal, that he telephoned Mr. Lewis about an appeal as early as September 30, 2004, but that Lewis did not file a notice of appeal (Id.). Mr. Lewis, who the government interviewed on September 11, 2006, denies Petitioner ever asked him to file an appeal (doc. 377).

In early November 2004, Mr. Lewis provided Petitioner with a November 3, 2004 draft memorandum authored by United States Probation Department Officer Thomas Barbeau. Mr. Barbeau wrote that the probation department possibly miscalculated the guideline range applicable to Petitioner (doc. 366). Mr. Barbeau's memorandum indicates the applicable guideline range may be 33 to 41 months, based on the 51.76 grams of powder cocaine which the government can prove beyond the preponderance that Petitioner conspired to distribute (Id.). The memorandum further indicates that though the government agrees the sentencing guideline calculations "were done in error," under the legal theory of conspiracy, Petitioner could be held responsible for the entire amount of drugs possessed by his co-conspirator Antwynn Beavers, 2,307 grams of cocaine (Id.). Mr. Barbeau indicates that because Petitioner stipulated to the Statement of Facts, and raised no objection at the time of his sentencing, it is unclear what remedies Petitioner may have (Id.).

Subsequent to discussing Mr. Barbeau's memorandum with

his Counsel, Petitioner states he had five to six phone calls with Mr. Lewis from December 2004 to January 2006 (doc. 366). Petitioner states Mr. Lewis assured him that his appeal was going forward, and not to worry (Id.). Mr. Lewis filed Petitioner's notice of appeal on May 15, 2006, some eighteen months after the Court sentenced Petitioner (doc. 355). The Court of Appeals ultimately dismissed the appeal as untimely (doc. 371).

Shortly after Mr. Lewis filed Petitioner's notice of appeal, Petitioner filed pro se the instant Motion to Vacate under 28 U.S.C. § 2255, on July 10, 2006 (doc. 366). In such motion, Petitioner argues the Court should apply equitable tolling so as to consider his Motion to Vacate, because he alleges his attorney failed to file a timely notice of appeal (Id.). Petitioner further argues Counsel was ineffective at sentencing in failing to object to the quantities of cocaine attributable to Petitioner, and thus Petitioner ended up with a sentence as much as forty-four months longer than he could have received (Id.).

The government responds, objecting to Petitioner's Motion as meritless.[1] The government concludes, however, that should the Court determine Petitioner's claim of ineffective assistance of counsel has merit, it requests a hearing on the matter for disclosure of the communication between Petitioner and his Counsel

---

[1] The government's Response, as noted by Petitioner, appears to be directed at the facts and arguments of another case (doc. 377, p. 6).

regarding Petitioner's plea (doc. 377).      In a Reply full of extraordinary literary allusion, Petitioner concurs that a hearing would be appropriate and waives his privilege as to discussions he had with Mr. Lewis (doc. 379).  Petitioner further moves the Court for copies of the transcripts of his change of plea hearing, and of his sentencing, which the Court notes have been sealed (doc. 380).[2] Finally, pursuant to Rule 6 of the Rules governing Section 2255 Proceedings, Petitioner moves the Court to order Mr. Lewis to provide telephone records for each time Petitioner spoke with Mr. Lewis between September 30, 2004 and January 1, 2006, and billing statements Mr. Lewis submitted for each time he visited Petitioner after September 30, 2004 (<u>Id</u>.).

     The government filed its Response on November 3, 2006, indicating it does not oppose Petitioner's request for copies of transcripts of the June 17, 2004 and September 30, 2004 hearings (doc. 382).  However, the government argues that because Mr. Lewis has denied any of the alleged discussions with Petitioner concerning filing a notice of appeal, the production of such information regarding telephone calls and billing is irrelevant (<u>Id</u>.).  The differences between the recollection of events, contends the government, can best be addressed before the Court in

---

[2] The Court already unsealed the plea agreement, the statement of facts, and the transcript of Petitioner's change of plea hearing for the limited purpose of allowing the government to respond to Petitioner's Motion to Vacate (doc. 370).

an evidentiary hearing (<u>Id</u>.).

Petitioner replies phone records he seeks are directly relevant to his claim that he had the alleged discussions with Mr. Lewis (doc. 383). Similarly, Petitioner argues that billing statements should reflect his conversations (<u>Id</u>.).

## II. Discussion

Having reviewed this matter, the Court finds it premature to reach the merits of Petitioner's Motion to Vacate, pending a further inquiry into the facts surrounding Petitioner's discussions with his Counsel regarding the filing of a notice of appeal. Title 28 U.S.C. § 2255, paragraph 6 (Section 105) of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), mandates that all motions for collateral relief be filed within a one-year period. This one-year period begins after any of four events commences, including the applicable event here, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. There is no dispute that because Petitioner did not file a timely notice of appeal, his conviction became final on October 12, 2004, and the one-year time-limit for filing a Motion to Vacate ran on October 12, 2005. Consequently, Petitioner filed his Motion to Vacate about nine months too late, in July 2006.

The Court may find it appropriate to toll the AEDPA one-year time limit, if it concludes, as Petitioner claims, that his Counsel was ineffective in failing to file a notice of appeal that

-6-

Petitioner allegedly requested prior to October 12, 2004. As Petitioner and his Counsel disagree as to whether Petitioner made such a request, the Court finds it appropriate to hold an evidentiary hearing to elicit their respective testimony. Both the government and Petitioner agree that such a hearing is appropriate (docs. 379, 382).

The Court finds Petitioner's arguments well-taken that Mr. Lewis' phone and billing records are relevant to the inquiry of when alleged discussion took place concerning Petitioner's alleged request for an appeal. To the extent that any such records exist, they could refresh the memories of the parties. Accordingly the Court rejects the government's argument that such records are irrelevant. Petitioner's request falls within the scope of Rule 6 of the Rules governing Section 2255 proceedings, and thus is granted.

The Court further finds well-taken Petitioner's request for copies of the transcript of his sentencing and plea agreement hearings. Such transcripts are sealed on the Court's docket, but the Court finds Petitioner should be entitled to this same evidence the government already possesses. Accordingly, the Clerk is directed to make such copies available, consistent with 28 U.S.C. § 2250.

Finally, should the Court conclude that Petitioner's case merits equitable tolling of the AEDPA time limit, the Court may

-7-

seek further testimony from Petitioner and his Counsel concerning the content of their discussions about the Plea Agreement and Statement of Facts. Both Petitioner and Counsel should therefore be prepared to testify concerning such matters at the evidentiary hearing. In the meantime, the Court holds in abeyance Petitioner's Motion to Vacate.

**III. Conclusion**

Petitioner raises questions concerning the sentence he received which are bolstered by the admission from the government that mistakes were made in calculating the applicable guidelines. Prior to reaching such questions, however, the Court finds it appropriate to determine whether Petitioner may be entitled to equitable tolling of the time to file his notice of appeal. As Petitioner and his Counsel offer different versions as to their discussions concerning an appeal, the Court is scheduling a hearing on the matter. Furthermore, the Court finds Petitioner is entitled to the discovery he seeks pursuant to Rule 6, such that any phone or billing records can potentially establish when and how long Petitioner spoke with Mr. Lewis, and can potentially refresh the memories of both Petitioner and Mr. Lewis concerning any conversations they may have had. Finally, Petitioner is also entitled to copies of the court transcripts he seeks.

Accordingly, the Court HOLDS IN ABEYANCE Petitioner's Motion to Vacate (doc. 366), GRANTS Petitioner's Motion for

Discovery (doc. 380), ORDERS Counsel to provide Petitioner with the requested billing records and phone records, UNSEALS the sealed portions of the docket for the narrow purpose of providing copies of the requested proceedings to Petitioner, and DIRECTS the Clerk to mail Petitioner copies of transcripts of both Petitioner's June 17, 2004 Change of Plea, and Petitioner's September 30, 2004 sentencing.  The Court further SETS this matter for an evidentiary hearing at 2:00 P.M. on June 27, 2007, at which time both Petitioner and his Counsel shall be prepared to testify as to their discussions concerning a notice of appeal, and as to their relevant discussions concerning the Petitioner's plea of guilty.


          SO ORDERED.

Dated: May 16, 2007          /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge