```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | |
|---|---|
| RAYMONE JOHNSON, | : |
| | : NO. 1:06-CV-00446 |
|     Petitioner, | :    1:04-CR-00060(8) |
| | : |
| v. | : **OPINION AND ORDER** |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
|     Respondent. | : |

The Court held an evidentiary hearing on June 27, 2007, consistent with its May 16, 2007 Order (doc. 388).

At such hearing the Court heard testimony from both Petitioner's trial counsel and United States Probation Officer Thomas Barbeau. Mr. Barbeau testified that he drafted the August 27, 2004 Presentence Report, upon which the Court relied in arriving at a sentence for Petitioner. Barbeau further testified that in reviewing another Defendant's case, Barbeau realized that the Presentence Report was based on an inaccurate drug amount, 2,307 grams of cocaine. Barbeau therefore contacted Petitioner's counsel and the U.S. Attorney to advise them of the mistake. According to Mr. Barbeau, he came to the conclusion that the amount of cocaine that could be attributable to Petitioner was 477 grams. Based on such amount of cocaine, Petitioner's base offense level should be 24, less 3 levels for acceptance of responsibility, to arrive at a final offense level of 21. With a criminal history of

six, Petitioner's sentencing range was between 77 and 96 months. Because Petitioner's sentence fell within such revised range, even though it was premised on incorrect drug calculations, Barbeau testified that he never sent a copy of his memo to the Court.

Petitioner's counsel argued that even the amount of 477 grams is in dispute.  In his view, the government could not link him to 9 oz. of cocaine that they alleged he handled on November 25, 2003.  Barbeau conceded that the only evidence of this cocaine was a phone call, and the government had no confirmation that the transaction had actually occurred.  Petitioner therefore argued that he should only be held responsible for 230 grams of cocaine, which would put him in the guideline range of 51-63 months.

Having reviewed the record and evaluated the testimony at the June 27, 2007 hearing, the Court concludes that there is no dispute that Petitioner's sentence was based on mistaken amounts of cocaine.  The U.S. Attorney conceded as much.  Under such circumstances the Court concludes that clerical error has resulted in an error that necessitates correction in the interests of justice. Fed. R. Crim. P. 36, <u>U.S. v. Huerta</u>, 202 Fed. Appx. 732 (5th Cir. 2006).  Accordingly the Court VACATES Petitioner's 84-month sentence, and AMENDS such sentence to a total of 60 months, based on the transactions he conducted involving 230 grams of cocaine.  The Court notes that Defendant's counsel, the U.S. Attorney, and the U.S. Probation Officer concurred with the

foregoing amendment.  The Court further DENIES Petitioner's Motion to Vacate (doc. 366).

SO ORDERED.

Dated: June 28, 2007 　　　　　　　/s/ S. Arthur Spiegel
　　　　　　　　　　　　　　　　　　S. Arthur Spiegel
　　　　　　　　　　　　　　　　　　United States Senior District Judge